UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
OWENSBORO DIVISION

**CRIMINAL ACTION NO. 4:05CR-43-M**

**UNITED STATES OF AMERICA**                                                          **PLAINTIFF**

**VS.**

**BRENT FELIX BLOOMER**
**BELINDA K. STROBEL**                                                                **DEFENDANTS**

## MEMORANDUM OPINION AND ORDER

This matter is before the Court upon a motion by the Defendants for separate trials [DN 39, DN 47]. On May 2, 2006, the Court conducted an evidentiary hearing in this matter. There appeared Robert J. Kilmartin for the United States; Patrick J. Bouldin, counsel for Defendant, Brent Bloomer; and James A. Earhart, counsel for Defendant, Belinda Strobel. The Court has reviewed the transcript of Belinda Strobel's July 15, 2005, statement to law enforcement and the United States's proffered redaction. Fully briefed, this matter is ripe for decision.

**Background**

Defendant, Belinda Strobel, moved to sever the joint trial of the Defendants. Strobel states that she received a notice by the Government of its intent to introduce evidence under Rule 404(b) that summarizes a statement given by her codefendant, Brent Bloomer, to law enforcement officers subsequent to his arrest. The summary indicates that Bloomer alleges that Strobel was involved in the acquisition of pseudoephedrine pills. Strobel says that she

1

will be denied her right of confrontation at a joint trial should Bloomer chose not to testify. Bloomer joins in the motion to sever arguing that Strobel made incriminating statements to the police about herself and Bloomer. Bloomer likewise argues that the admission of Strobel's statements at trial would violate Bloomer's Sixth Amendment right of confrontation as discussed in Bruton v. United States.

## Law

"Persons jointly indicted should, as a general rule, be tried together, for 'there is almost always common evidence against the joined defendants that allows for the economy of a single trial.'" United States v. Anderson, 89 F.3d 1306, 1312 (6th Cir. 1996), cert. denied, 519 U.S. 1100 (1997) (quoting United States v. Phibbs, 999 F.2d 1053, 1067 (6th Cir. 1993), cert. denied, 510 U.S. 1119 (1994)). Fed. R. Crim. P. 14 allows the trial court to order severance of defendants where it appears that joinder of defendants prejudices a defendant or the government, even though initial joinder was proper under Rule 8. Whether there is sufficient prejudice in joinder to warrant separate trials is a question committed to the sound discretion of the trial court. The trial court will not be reversed on appeal absent a showing of abuse of discretion.

The Confrontation Clause of the Sixth Amendment guarantees the right of a criminal defendant "to be confronted with the witnesses against him." U.S. CONST. amend. VI. In Bruton v. United States, the Supreme Court held that statements of non-testifying codefendants which incriminate the defendant on their face violate the Constitution, regardless of any limiting instruction. 391 U.S. 123, 132 (1968). See also United States v.

Truss, 2006 WL 1006528, *4 (E.D. Tenn. April 14, 2006). Unless the Government "wishes to hold separate trials or to use separate juries or to abandon use of the confession, [the prosecutor] must redact the confession to reduce significantly or to eliminate the special prejudice that the *Bruton* Court found." Gray v. Maryland, 523 U.S. 185, 192 (1998).

"The Confrontation Clause is not violated by the admission of a nontestifying codefendant's confession with a proper limiting instruction when . . . the confession is redacted to eliminate not only the defendant's name, but any reference to his or her existence. . . ." Richardson v. Marsh, 481 U.S. 200, 211 (1987). Significantly, Bruton does not bar the use of a redacted codefendant's confession "even if the codefendant's confession becomes incriminating when linked with other evidence adduced at trial." United States v. DiCarlantonio, 870 F.2d 1058, 1062 (6th Cir.), cert. denied, 493 U.S. 933 (1989). See also Richardson v. Marsh, 481 U.S. at 208. However, "[r]edactions that simply replace a name with an obvious blank space or a word such as 'deleted' or a symbol or other similarly obvious indications of alteration, however, leave statements that, considered as a class, so closely resemble *Bruton's* unredacted statements that, in our view, the law must require the same result." Gray, 523 U.S. at 192. The Supreme Court reasoned that "statements redacted in such a way [are] often obvious to the jury, unnecessarily [alert] the jury to the redacted name, and directly [accuse] the co-defendant." United States v. Winston, 55 Fed.Appx. 289, 293-94 (6th Cir. Jan. 23, 2003), cert. denied, 538 U.S. 1066 (2003)(citing Gray, 523 U.S. at 193-194). See also  U.S. v. Truss, 2006 WL 1006528, *4.

**Discussion**

*A. Bloomer's Unrecorded Statement*

Defendant Strobel moves for severance of the joint trial of the Defendants arguing that she will be denied her Sixth Amendment right of confrontation at a joint trial should Defendant Bloomer not testify regarding his post-arrest statement in which he inculpates Strobel. In response to the motion to sever, the United States represents that the witness who testifies at trial regarding Bloomer's confession will omit any reference to Strobel. Given this representation by the United States, the Court finds that Strobel will not be prejudiced by her codefendant's statement because any reference to her in Bloomer's statement can be easily omitted. Bloomer's statement was not recorded or reduced to writing. As such, it will contain no obvious deleted sections that would incriminate Strobel. For these reasons, Defendant Strobel's motion for a separate trial [DN 39] is **denied**.

*B. Strobel's Tape Recorded Statement*

By letter dated July 17, 2006, the United States tendered a proposed redacted transcript of the tape recorded interview of Belinda Strobel. The United States represents that counsel has attempted to delete or omit all references to Brent Bloomer by Belinda Strobel. The United States indicates that it intends to present evidence at trial of the admissions made by Strobel during this interview via the testimony of KSP detectives Matt Conley and Ken Carter. In the event the exact details of Strobel's statements are contested, the United States requests permission to submit the entire "redacted" transcript of the July 15, 2005 interview.

The Court has reviewed the proposed redacted transcript and finds that the redactions have not been made in such a way as to comply with the holding in Bruton. Although, for the most part, the United States redacted Bloomer's name from the transcript[1], the United States accomplished these redactions in some instances by merely blacking out Bloomer's name. In fact, some of the redactions proposed by the United States leave sentences and paragraphs that make no sense. (See, e.g., Redacted Transcript at 57, lines 10 - 18.) Even if a clean copy of the transcript or audio tape was made, an obvious blank space or, at the least, an obvious indication of a deletion would appear. (See, e.g., Redacted Transcript at 19, lines 3-14.) As discussed above, a redaction that replaces a defendant's name with an obvious indication of a deletion still falls within Bruton's protective rule. See Gray, 523 U.S. at 192-193; Tuss, 2006 WL 1006528, *4.

Additionally, in an effort to remove references to Bloomer, the United States also replaces the Defendant's name with the words "someone," "they," "anyone," "their," or "them." In fact, some of the redactions replace "he" with "they" while retaining the singular form of the verb. Courts have recognized that in some instances the replacement of a defendant's name with a neutral pronoun may avoid a Bruton violation. See, e.g., United States v. Winston, 55 Fed. Appx. 289, 294-296 (6th Cir. Jan. 23, 2003); United States v. Taylor, 186 F.3d 1332, 1335-36 (11th Cir.1999)(defendants' names replaced with "they" or the "captain"). However, in examining the transcript in the present case, the Court finds that

---

[1]The United States inadvertently left Bloomer's name in the transcript. (Redacted Transcript at 15, line 11).

5

the substitution of these words for Bloomer's name still leads to an improper inference that Brent Bloomer was named in Strobel's confession. Clearly, Bloomer lived at the residence in question and had access to the home and the barn. No reasonable juror could hear the proposed redacted statements without inferring that Defendant Bloomer's name has been omitted. In other words, just as in Gray, "[t]he inferences at issue here involve statements that, despite redaction, obviously refer directly to someone, often obviously the defendant, and which involve inferences that a jury ordinarily could make immediately, even were the confession the very first item introduced at trial." Gray, 523 U.S. at 196. See also Stanford v. Parker, 266 F.3d 442, 457 (6th Cir. 2001)(the replacement of "Stanford" with "the other person" in the codefendant's confession violated Bruton).[2] With these deficiencies, the United States's proposed redactions are insufficient to safeguard Bloomer's Sixth Amendment right of confrontation.

Notwithstanding this decision, it appears to the Court that the interview of Defendant Strobel can be redacted in such a way as to comply with Bruton and Gray. The evidentiary value of Strobel's interview lies within the statements made by Strobel that specifically incriminate her. For example, Strobel's admissions that she purchased pseudoephedrine pills

---

[2] See, e.g., United States v. Macias, 387 F.3d 509, 519 (6th Cir. 2004)(substitution of the term "subject two" for the defendant's name was incriminating on its face and violated Bruton); Stanford v. Parker, 266 F.3d 442, 457 (6th Cir. 2001)(the replacement of "Stanford" with "the other person" in the codefendant's confession did not prevent a Bruton violation); Hodges v. Rose, 570 F.2d 643, 647 (6th Cir.), cert. denied, 436 U.S. 909 (1978)("Although the other party is referred to as 'blank' in the redacted statement, the circumstances of the case and other evidence admitted virtually compel the inference that 'blank' is [the defendant]."); United States v. Gonzales-Garcia, 73 F. Supp. 2d 819 (W.D. Mich. 1999).

and sold methamphetamine are relevant and properly admissible against Strobel in the present case.  However, much of the remainder of Strobel's interview serves only to incriminate Defendant Bloomer.  Not surprisingly, the Bruton violations occur during these portions of the interview.  These violations can be remedied by removing the portions of Strobel's interview that do not incriminate her.  Therefore, in order to avoid the Bruton problems discussed above, the United States should undertake more extensive redactions of the transcript.

Accordingly, **IT IS HEREBY ORDERED** that **no later than August 25, 2006,** the Government shall file its revised redacted transcript of Strobel.  **No later than September 1, 2006**, Defendants may file any objections.


cc: counsel of record